IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Edith Salazar and <br> Emilie Kaminski <br> individually <br> and on behalf of all persons <br> similarly situated as <br> members of the Collective as permitted <br> under the Fair Labor Standards Act; <br> <br> Plaintiff, <br> vs. <br> Acswiss Inc.,  d/b/a <br> Checkers Restaurant <br> And <br> Alex M. Camen <br> as an individual <br> under FLSA and Illinois Wage Laws <br> Defendants. | ) <br> ) <br> ) <br> ) CASE NO 23 CV 6280 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) **ON ALL COUNTS** <br> ) <br> ) |

**PLAINTIFFS'**
**COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiffs, Edith Salazar and Emilie Kaminski, individually and on behalf of all others similarly situated, as collective representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" )  and violations of The Internal Revenue Code, Section 7434, 26 U.S. §7434 and brings these causes of action against Acswiss Inc., d/b/a., Checkers Restaurant (Hereinafter referred to as "Acswiss"), and against Defendant Alex M. Camen as an individual under FLSA and Illinois Wage Laws and in so doing states the following:

1

## NATURE OF THE ACTION

1. Plaintiffs, Edith Salazar and Emilie Kaminski allege individually and on behalf of the Plaintiffs and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that they, under both federal, state and city wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and overtime rate of pay for all overtime hours.

2. Plaintiffs and Collective bring claims based upon Defendants' policy and procedure and practice of paying $4.00 per hour in cash for some hours worked by Plaintiffs and collective, thus not paying the minimum "server rate of pay".

3. Plaintiffs also bring a claim for minimum wage claims for off-the-clock work specifically that Plaintiffs and other employees were subject to off-the-clock work each shift as the Plaintiffs and collective were required to do all work after the scheduled work time and that time was not paid at all.

4. Further Plaintiff alleges that Defendants took Plaintiffs and collective's tips as Defendants actively deducted 5% of the credit card tips earned by Plaintiffs from Plaintiffs and collectives' credit card tips. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations.

5. Additionally, as tips are considered wages under the IWPCA and Defendants forced Plaintiffs to make payments from those wages, via 5% tip out to Defendants, this is an unauthorized deduction from the Plaintiffs and collectives tip wages. The

      deduction is unauthorized as Defendants did not receive any written authorization for the deduction at the time that deduction is made from Plaintiffs wages

6. Plaintiffs presents four separate claims which are summarized as follows:

    a. Claim 1 – by paying $4.00 per hour, rather than the minimum tip rate or server rate of pay, the Defendant also loses the Defendants' claims for tip rate exemption.

    b. Claim 2 – Defendant takes 5% of the servers' tips for credit card tips, thereby retaining those tips, and thereby losing its tip-rate exemption.

    c. Claim 3 – Defendant failed to pay for "off-the-clock work" specifically that Plaintiffs and other employees were subject to off-the-clock work each shift as the Plaintiffs and collective were required to do all work after the scheduled work time and that time was not paid at all by Defendant.

    d. Claim 4 – Defendants' 5% deduction was an unauthorized deduction from Plaintiffs wages.

7. If any claim is found correct and proven, the Defendants will be required to pay the following:

    a. Pay back the tips taken

    b. Pay the difference from the tip rate of pay and the applicable minimum wages for all hours worked for the last three years for all the servers.

    c. Pay all associated penalties:

        i. Liquidated Damages,

        ii. 5% per month IMWL penalties

        iii. IMWL treble damages

   iv. 5% per month IWCPA penalties,

 d. Fees and costs.

8. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover tips and unpaid minimum wages and overtime wages.

9. Plaintiffs' federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

10. Plaintiffs request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

12. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

13. The Court is authorized to issue a declaratory judgment.

14. Venue is proper in this Court.

15. Defendants do business and are residents of this District and Division of Federal Court.

## ENTERPRISE JURISDICTION

16. Plaintiffs alleges Enterprise Jurisdiction, as Defendants are sufficient size to engage in commerce.

17. Defendant is a very successful restaurant in the Chicago area employing a staff consisting of 5-10 waitstaff at any one time.

18. Thus Plaintiffs allege, given the busy location and large staff, that Defendants have combined sales of at least $500,000 per year.

19. Defendants' operations exceed sales of $500,000.00.

20. Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce.

## INDIVIDUAL FLSA COVERAGE

21. Further, the Plaintiffs also allege individual FLSA Coverage.

22. Defendants are also covered under individual coverage of the FLSA.

23. Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

24. Here Plaintiff and Collective sold products to ultimate consumers that traveled in commerce.

25. The items that Plaintiffs and collective sold include food items such as seafood, beer, liquor, meat, sausage, breads, soft-drinks and juices from other states in America and from overseas.

## FACTS REGARDING THE PLAINTIFFS AND DEFENDANTS

26. Plaintiffs, Edith Salazar and Emilie Kaminski were employed by Defendant as servers.

## CORPORATE FACTS

27. Defendant Acswiss Inc., is a corporation or business which does business in Illinois.

28. Acswiss Inc., operates a restaurant/bar in Union Illinois d/b/a Checkers Restaurant.

29. Defendant Acswiss Inc., employs a staff of some full-time employees and a larger number of part time employees.

30. Alex M. Camen is the owner and/or operators of Defendant.

31. Defendant Alex M. Camen is named as Defendant pursuant to the FLSA, IMWL and IWPCA as he is the manager and owner with the ultimate decision making authority for the various wage violations.

32. As owner and manager of the Corporate Defendant, Alex M. Camen had the power to hire, fire and discipline employees and actually exercised that power of hiring, firing and discipline on most Defendants employees.

33. As owner and manager of the Corporate Defendant, Alex M. Camen caused the wage violations either by directly creation and enforcement of the tip deduction policy and/or payment of $4.00 per hour.

34. Defendant Alex M. Camen exercise day to day control of operations and was directly involved in the payment (and shortage) of wages to the employees via handling or overseeing the payroll and implementation of the tip deduction and/or failure to pay all wages policies.

35. For judicial efficiently Plaintiff asks the court to consider these above individual liability allegations incorporated in the Plaintiffs' Counts found below.

### The FLSA Collective Action

36. Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendant who were, are, or will be employed by Defendant during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who:

    a. Had tips taken in excess of tip regulations.
    b. Were not paid minimum wages, due to
        i. paying $4 per hour,
        ii. and/or deductions,
        iii. and/or off-the-clock work/time/shaving
        iv. and/or lack of sufficient tips paid.
    c. Not paying "server rate of pay".

37. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all server employees employed by Defendant.

38. Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Acswiss who have been denied proper payment of the tips/wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.** Acswiss **policies and procedures and Compensation Practices fail to pay Minimum Wage and/or take tips which are wages of Plaintiffs and Collective**

39. Plaintiffs were employed by Acswiss as employees of the Defendants and Defendants took Plaintiffs' tips in violation of tip regulations.

40. Plaintiffs and all servers working for Defendants worked as hourly non-exempt employees.

8

41. Defendant paid Plaintiffs and all servers/waitstaff cash rate of pay of $4.00 per hour. Said payment of $4 per hour was far below what is required for proper payment of wages even as a "Tip-Rate of Pay".

42. Plaintiff and Class was paid $4.00 per hour for all hours paid.

**DEDUCTIONS VIOLATE THE TIP RATE REGULATIONS**

43. Defendants pay Plaintiff $4.00 per hour cash, which is less than $8.25 per hour.

44. Defendants pay less than $8.25 per hour, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

45. To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay.

46. One of the regulations that Defendants must follow is that the employees must receive *all* their earned tips.

47. Via the deductions the servers at not receiving all their earned tips.

48. Here the Defendants 5% tip deductions takes money from Plaintiffs' tips beyond what is permitted under FLSA/IMWL regulations.

49. In the Alternative, if the Defendant claims the tips are not taken via the deductions, the Defendants deductions violate the tip regulations by not paying the required tip rate of pay.

**DEFENDANTS KEPT NO TIME RECORDS**

50. Defendants kept no time records. Plaintiffs did not punch a clock, record work time, or have any means of time records.

51. Plaintiffs were paid a set amount for their scheduled work time. Working a set of days, Monday Wednesday and Friday as an example. Plaintiff was paid for each day a set amount found on the schedule, regardless of the number of hours worked.

### DEDUCTIONS VIOLATE THE TIP RATE REGULATIONS

52. Plaintiffs would receive cash and credit card tips in their work as bartenders or severs.

53. Plaintiffs (and Collective) were told by Defendants to total their credit card tips, and deduction 5% of those tips and pay that (or not receive those tips) from/"to the house".

54. One of the regulations that Defendants must follow is that the employees must receive *all* their earned tips.

55. Here Plaintiffs are not allowed to keep or are not paid 5% of their tips.

56. While the Defendant claims the 5% is for costs, the credit card processing fees are not 5%, rather are closer to 2-3%.

57. Further as evidence of the willfulness of the tip theft, Defendants reduced the tip deduction to 2%, but failed to repay the prior stolen tips.

### Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

58. Defendants unlawful conduct has been uniform, widespread, repeated and consistent.

59. Defendants willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay and/or that the Defendants were taking the Plaintiffs' and classes tips.

60. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

61. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
**Individual Action Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

62. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

63. Plaintiffs pleads these specific claims:

    a. In the alternative, if the deductions were taken from the Plaintiff tips, this is a violation of IMWL (and by incorporation FLSA) tip regulations.

    b. All the above are plead as violations of IMWL (and by incorporation FLSA).

    c. Some Plaintiffs were not paid overtime rate of pay for overtime work

    d. All Plaintiffs were paid below the server rate of pay, being paid $4 per hour rather than the $4.95 per hour required under the IMWL.

64. Plaintiffs are or were employee of the Defendants pursuant to the IMWL.

65. Plaintiffs are or were employed by Defendants as employees.

66. It is and was at all relevant times, a policy of Defendants to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip rate violations.

67. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

68. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

69. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Individual Action Against Defendant
### Under Illinois Wage Payment and Collection Act "IWPCA"

70. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

71. Pursuant to the IWPCA, Plaintiff pleads the following

    a. That there was no "Agreement" to allow for deductions by Plaintiffs, as the deductions were not made freely and without compulsion.

    b. In the alternative, if there is an "agreement" to allow for deductions, that the agreement was violated by Defendants by not taking deductions consistent with that alleged agreement

    c. Plaintiffs had deductions taken without contemporaneous written authorizations as required by the IWPCA.

d. That Plaintiffs were not paid for all work hours, as required by the IWPCA.

72. Plaintiffs were employed by Defendants.

73. It is and was at all relevant times, a policy of Defendants to take, without Agreement wages, tips and/or work time.

74. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

75. This cause of action arises out of IWPCA agreements; written and/or oral.

76. The named Plaintiffs were employed by Defendant.

77. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

78. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

79. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral IWPCA agreement.

80. Plaintiffs employment were in the usual course of business for which such service is performed.

81. Plaintiffs do not possess a proprietary interest in the Defendant.

82. The Defendant is an "employer" under the terms of the IWPCA section 2.

83. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

84. Individual Defendant is named as an employer, as he knowingly permitted violations of the IWPCA, as alleged elsewhere in this complaint.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendants**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

85. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

86. Plaintiffs pleads specific claims as found elsewhere in this complaint

87. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

88. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

14

89. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

90. At all relevant times, the work performed by employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

91. As a result of the Defendants willful failure to record or compensate its employees – including Plaintiffs and members of the prospective FLSA Class – employed by Defendants for all hours worked, Defendants have violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

92. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

93. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

94. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

95. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

96. Plaintiffs have consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

97. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were employed by Defendants within the meaning of the FLSA.

98. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

99. Due to Defendants' FLSA violations, Plaintiffs and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

100. Individual Defendant is named as an employers, as he knowingly permitted violations of the FLSA, as alleged elsewhere in this complaint.

## COUNT V – Violation of Internal Revenue Code Section 7434

101. Plaintiffs restates and realleges all prior Paragraphs of this Complaint, incoroporated into this count.

102. The Internal Revenue Code, Section 7434, 26 U.S. §7434, prohibits a person from willfully filing a fraudulent information return with respect to payments made to another person.

103. A person may bring a civil action for damages against the person who filed a fraudulent return. Upon a finding of liability, the defendant shall pay the greater sum of $5,000.00 or damages actually incurred by Plaintiffs.

104. Defendants, knowingly filed a fraudulent Form W-2 by failing to report Plaintiffs' wages to the IRS.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to

employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C. Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws, including repayment of deductions taken from all service employees of Defendants.

D. Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. 5% per month penalty as allowed under the IMWL and Treble Damages;

H. Certification of this case as a Collective action;

I. Designation of the Plaintiff as representative of the Collective, and counsel of record as Class Counsel;

J. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

K. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

L. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1;

M. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

N. Consequential damages;

O. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

Q. and costs of this action; and

S. Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 28, 2023

                                              Respectfully submitted,

                                      By:    -S-John C. Ireland
                                                    John C. Ireland

                                            Attorney for the Plaintiffs, and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889          attorneyireland@gmail.com

19